**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANNY WHITE, on his own behalf and**
**others similarly situated,**

               **Plaintiff,**

**-vs-**                                               **Case No. 6:05-cv-1317-Orl-22DAB**

**KCPAR, INC., d/b/a: Mulligans,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. No. 43-1)**
>
> **FILED:** March 7, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff sued Defendant under the Fair Labor Standards Act (FLSA) for unpaid overtime compensation he allegedly earned as a cook for Defendant. Plaintiff's suit is brought individually and on behalf of others similarly situated who are and were employed by Defendant during the three years preceding the suit. Plaintiff seeks conditional certification of a collective action and an order permitting notice to all hourly paid cooks employed by Defendant over the last three years who were

"subjected to Defendant's practice of not paying time and one-half overtime compensation, for hours worked in excess of forty (40) in a workweek." Doc. No. 43-1 at 1. Defendant opposes the collective action and notice to other employees because, Defendant alleges in a four-paragraph, unhelpful memorandum, that Plaintiff was fully compensated for the overtime hours he worked. Doc. No. 49.

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue. The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b).

The nature of this provision is to provide an "opt-in" procedure, which differs from Rule 23 class action opt-out procedures. Thus, FLSA plaintiffs may not certify a class under Rule 23. *Prickett v. Dekalb County,* 349 F. 3d 1294 (11th Cir. 2003). As these actions are "collective actions," not Rule 23 class actions, they are not subject to numerosity, commonality, and typicality requirements, and a named plaintiff is not entitled to "represent" other plaintiffs in a class sense. *See Cameron-Grant v. Maxim HealthCare Services, Inc.,* 347 F.3d 1240, 1248-49 (11th Cir. 2003). The Eleventh Circuit has interpreted the opt-in language as creating additional party plaintiffs for all purposes:

> That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as "party plaintiff[s]" Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.

*Prickett,* 349 F.3d at 1297. The filing of a consent establishes the additional claim for statute of limitations purposes. Thus, in cases where there are only a few employees with claims, this permissive joinder procedure appears to be used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early, before a full blown collective action is underway.

Where the "collective class" is numerous, the two-tiered approach set forth in *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208 (11th Cir. 2001), and its progeny applies. In summary, this involves a two-stage process to "certify" the collective action: the first determination is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. *Id*. at 1218. If the district court "conditionally certifies" the collective class, putative members are given notice and a chance to opt in. *Id*. The action proceeds as a representative action through discovery. A second determination is usually made after a motion for "decertification" is made by the employer. The district court must determine if the plaintiffs are "similarly situated." *Id*. at 1217. If so, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice. The case proceeds on the individual claims of the original plaintiffs. *Id*. at 1218.

The Court must determine in this case whether a "similarly situated class" exists pursuant to 29 U.S.C. § 216(b). *See id*. at 1217. Plaintiff has filed three affidavits in support, from Plaintiff Danny White, and fellow former cooks Ernest Gillenswaters and Kameel Sylvester.[1] Doc. Nos. 43-2,

---

[1] Plaintiff previously attempted to file Notices of Consent to Join on February 1, 2006. Doc. No. 27. These Consents were stricken by Judge Conway. Doc. Nos. 32, 38, 41. Plaintiff filed this Motion to Certify Class on March 7, 2006 and a renewed notice of filing additional notices of consent to join executed by Kameel Sylvester and Ernest Gillenswaters. Doc. Nos. 43, 44.

43-3, 43-4. The three former employees attest – in virtually identical affidavits – that they were cooks at Defendant's Mulligans restaurant, that they worked in excess of forty hours per work week, and they were not paid time and one-half the regular rate for hours worked in excess of forty per work week. *Id.* All three individuals attest that they observed "numerous" other hourly paid cooks who were not paid time and one-half for hours worked in excess of forty hours per week. *Id*. at ¶ 9.

Plaintiff is vague about the size of the putative collective class or the number of (former and current) employees affected by Defendant's alleged failure to pay overtime. Although the "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance), *Hipp*, 252 F.3d at 1219, for cases where there are only a few employees with claims, the permissive joinder procedure is used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early. As a preliminary matter, "plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals existed in the broad class that they proposed." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983) (collective class rejected where defendant store employed only four to six employees).

A showing that others desire to opt in is required before certification and notice will be authorized by the court. *Mackenzie v. Kindred Hosps. East, L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003) (Merryday, J.); *Dybach v. State of Fla. Dep't of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991) (representative plaintiff need only show that there are similarly situated individuals who, if given notice, may wish to join the action as party plaintiffs). Plaintiff may present evidence of other employees who desire to opt in via affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. *See Davis v. Charoen Pokphand (USA), Inc.,* 303 F.Supp.2d. 1272, 1277 (M.D. Ala. 2004). "A plaintiff's or counsel's belief in the existence of other

employees who may desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class. *Mackenzie,* 276 F.Supp.2d at 1220 (citing *Haynes*, 696 F.2d at 887); *Horne v. United Servs. Auto. Ass'n,* 279 F.Supp.2d 1231, 1236-37 (M.D. Ala. 2003). Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. *See Mackenzie,* 276 F.Supp.2d at 1220 (citing *Dybach,* 942 F.2d at 1567-68.

Plaintiff has not shown with any specificity that the putative class warrants "collective class" status, as opposed to the Court allowing the two additional individuals to merely opt-in and join the case as additional named Plaintiffs at this stage in the litigation. *See Rodgers v. CVS Pharmacy, Inc.*, Case No. 8:05cv770T-27MSS, __ F. Supp. 2d __, 2006 WL 752831, *5 (M.D. Fla. Mar. 23, 2006) (Whittemore, J.) (plaintiff's affidavit and the affidavits of two other co-workers – the only two to file consents to join during the prior year – were insufficient evidence that there were other employees who desired to opt in to lawsuit); *cf. Bell v. Mynt Entm't, LLC,* 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362-63 (M.D. Ala. 1999) (fifteen affidavits by employees with specific allegations of wage violations were sufficient); *see also Realite v. Ark Restaurants Corp.*, 7 F. Supp.2d 303 (S.D.N.Y. 1998) (thirty-seven named plaintiffs from fifteen restaurants already named); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 (M.D. Tenn. 1996) (plaintiff submitted twenty-four affidavits to show a class of employees existed who had been worked "off the clock" by the employer); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003) (plaintiff identified by name current or former meat department employees

who held the same or similar positions, some with the exact same job titles, who were not paid for overtime).

Moreover, Plaintiff's proposed "Notification" letter (Doc. 43-4), to be sent to all similarly situated employees, is defective because it fails to fully inform recipients about the consequences of "opting in." *See Belcher v. Shoney's Inc.,* 927 F. Supp. 249, 253-55 (M.D. Tenn. 1996) (adding language that opt-in claimants would have to participate in discovery); *see also Gjurovich*, 282 F.Supp.2d at 104 (language explaining opt-in claimants will be responsible for costs and counterclaims); *Garcia v. Elite Labor Service, Ltd.*, 1996 WL 33500122, *4 (N.D. Ill. July 11, 1996) (requiring to be added: "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."), *adopted by* 1996 WL 559958.

In conclusion, Plaintiff has failed to show a reasonable basis for crediting his assertion that there are other "aggrieved individuals" existing in the broad class that is proposed, other than the two individuals who have filed consents to join over the last nine months. *See Haynes*, 696 F.2d at 887. It is respectfully **RECOMMENDED** that Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights be **DENIED** and the Notices of Consent to Join (Doc. No. 44) by Kameel Sylvester and Ernest Gillenswaters be **ACCEPTED** and they be added as party Plaintiffs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 2, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-7-

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy